IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,267

LUKE GANNON, by his next friends and guardians, *et al.,*
*Appellees,*

v.

STATE OF KANSAS,
*Appellant.*

ORDER

On May 27, 2016, this court held the legislature had not cured the inequities in the local option budget (LOB) and supplemental general state aid we had previously affirmed to exist in the Classroom Learning Assuring Student Success Act of 2015 (CLASS). See *Gannon v. State*, 304 Kan. __, __ P.3d __, 2016 WL 3063848 (2016) (*Gannon III*).

On June 7, 2016, as authorized by Article 1, § 5 of the Kansas Constitution, the governor called the legislature into special session beginning June 23 for the purpose of addressing our *Gannon III* decision.

On June 24, 2016, the legislature passed Substitute for House Bill 2001 (H.B. 2001) in an effort to bring Kansas' K-12 public school funding system into compliance with the equity requirement of Article 6, § 6 of the Kansas Constitution.

On June 27, 2016, the governor signed H.B. 2001, which has an effective date of July 1, 2016. Later that day, the parties filed with the Clerk of the Kansas Appellate

1

Courts a Joint Stipulation of Constitutionally Equitable Compliance. Among other things, the Joint Stipulation states that the parties

> "jointly request that the Court enter an order acknowledging that the Legislature has currently satisfied the Court's orders in *Gannon I* [*Gannon v. State*, 298 Kan. 1107, 319 P.3d 1196 (2014)], *Gannon II* [*Gannon v. State,* 303 Kan. 682, 368 P.3d 1024 (2016)], and *Gannon III* regarding equity, that Kansas schools are currently funded in compliance with the equity requirements of Article 6, § 6, and therefore that no remedy is necessary or appropriate at this time." J. Stipulation Const. Equitable Compliance p.2, June 27, 2016.

The parties attached a copy of H.B. 2001 to their Joint Stipulation.

June 30, 2016, was previously established as the date for the State to satisfactorily demonstrate to this court that the legislature had complied with the equity requirement of Article 6, § 6(b) through remedial legislation or otherwise. *See Gannon II,* 303 Kan. at 741. The fiscal year for school districts begins the next day: July 1.

The court acknowledges the timely responses to our recent *Gannon* decisions by our sister branches of Kansas government. Against this backdrop, and after (1) considering the parties' stipulations and other facts through legislative history, judicial notice or otherwise (see *Gannon III*, 2016 WL 3063848, at *6); (2) reviewing the record on appeal; and (3) analyzing the legal issues, the court now makes the following conclusions:

1. H.B. 2001 revives the structure of the prior School District Finance and Quality Performance Act (SDFQPA) formula for supplemental general state aid that we previously approved as constitutional in *Gannon I*, 298 Kan. at 1198-99, and *Gannon II,* 303 Kan. at 743. The planned implementation of H.B. 2001 and full funding of that

2

formula for fiscal year 2017 would be in compliance with the equity component of Article 6, § 6 of the Kansas Constitution.

2.      Our ruling about the issue of supplemental general state aid, coupled with our decision in *Gannon III* regarding the constitutionality of the capital outlay state aid formula contained in H.B. 2655, means that the equity issues on appeal are presently resolved. In short, the legislature has currently satisfied the court's orders in *Gannon I, Gannon II,* and *Gannon III* regarding equity. Therefore, no judicial remedy is necessary at this time.

Oral arguments to address the adequacy portion of this litigation will be set by future court order.

We retain jurisdiction of this case and all issues.

BY ORDER OF THE COURT this 28th day of June, 2016.

FOR THE COURT

Lawton R. Nuss
Chief Justice

3